UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY DEGUISE, | Case No. 12-10590 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 10)**

**I.     PROCEDURAL HISTORY**

   A.    Proceedings in this Court

On February 10, 2012, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits.  (Dkt. 2).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 9, 10).

   B.    Administrative Proceedings

Plaintiff filed the instant claims on May 20, 2010, alleging that disability

began on February 11, 2010. (Dkt. 6-2, Pg ID 35). The claim was initially disapproved by the Commissioner on October 5, 2010. (Dkt. 6-2, Pg ID 35). Plaintiff requested a hearing, which was held on July 7, 2011. (Dkt. 6-2, Pg ID 35). In a decision dated August 18, 2011, ALJ Craig R. Peterson found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 34-44). Plaintiff requested a review of this decision on September 26, 2011. (Dkt. 6-2, Pg ID 31). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on August 19, 2011, denied plaintiff's request for review. (Dkt. 6-2, Pg ID 32-34); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II. FACTUAL BACKGROUND

### A. ALJ Findings

Plaintiff was 54 years of age at the time of the most recent administrative hearing. (Dkt. 6-2, Pg ID 55). Plaintiff's had past relevant work history as a cook, kitchen helper, tow truck operator, car repossession, laborer, painter, cashier, pizza delivery. (Dkt. 6-2, Pg ID 42). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the application date. (Dkt. 6-2, Pg ID 37). At step two, the ALJ found that plaintiff's right shoulder degenerative joint disease, status post rotator cuff repair, right knee degenerative joint disease, and calcaneal spurs were "severe" within the meaning of the second sequential step. (Dkt. 6-2, Pg ID 37). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id*. At step four, the ALJ found plaintiff could perform light work except that he can lift/carry up to 20 pounds occasionally and 10 pounds frequently; he could stand and/or walk up to six hours in an 8 hour workday and sit up to six hours in an eight-hour workday with normal breaks; he could occasionally climb ramps or stairs but never climb ladders, ropes or scaffolds; he could not perform any repetitive pushing or pulling work, or overhead work; he could occasionally grasp or grip with the dominant right upper extremity, he could not perform work on uneven ground or use foot

controls; he is limited to simple, routine, repetitive tasks involving simple work-related decisions with few, if any work place changes. (Dkt. 6-2, Pg ID 39). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 6-2, Pg ID 43).

      B.    <u>Plaintiff's Claims of Error</u>

Plaintiff's brief is difficult to follow and lacking any detailed support from the record. Plaintiff seems to be arguing that the hypothetical questions posed to the vocational expert did not account for all of plaintiff's limitations. Specifically, plaintiff argues that "[t]he treating physician States that claimant cannot do overhead or repetitive work with his right shoulder. There was surgery in May 2011 however there is no follow up records from the treating physician showing if there are any restrictions. The ALJ did not base the hypothetical question on fact but rather on inadequate information. The ALJ stated 'although the doctor restricted the claimant from work, it is possible that the doctor was referring solely to an inability to perform the claimant's past work.'" (Dkt. 9, Pg ID 521, citing Tr. 16). Plaintiff also asserts that the hypothetical questions did not account for his mental impairment, asserting that the psychological assessment diagnosed him with major depressive disorder, recurrent, a GAF of 50 and a guarded prognosis. Plaintiff also argues that the ALJ erred in finding plaintiff not fully credible

because the ALJ failed to account for plaintiff's complaints of pain, instead finding a lack of objective medical evidence to support plaintiff's complaints.

        C.      <u>Commissioner's Motion for Summary Judgment</u>

According to the Commissioner, the ALJ accepted appropriate limitations found by Drs. Menapace and Menendes, and the ALJ's finding that plaintiff could lift up to twenty pounds was well-supported. And, although plaintiff alleges error in the ALJ's credibility determination, the Commissioner points out that he mentions no evidence to support his argument.

The Commissioner urges the Court to reject plaintiff's argument that the ALJ erred in evaluating notes from Dr. Menapace limiting his work activity. The Commissioner asserts that it is very difficult to discern in what manner plaintiff believes that the ALJ erred, but will show how substantial evidence supports the ALJ's treatment of Dr. Menapace's records. Dr. Menapace wrote several notes regarding plaintiff's ability to work. (Tr. 374, 375, 377, 394, 443). In December 2010, Dr. Menapace opined that plaintiff should avoid overhead or repetitive work with his right shoulder. (Tr. 394). The ALJ included limitations in his RFC finding that accounted for these limitations. (Tr. 13). Dr. Menapace also wrote a series of notes in March, April, and June 2011, opining that plaintiff should remain off work. (Tr. 374, 375, 377, 443). The final note, written in June 2011, stated that plaintiff could not work until August 1, 2011. (Tr. 443). According to

the Commissioner, the ALJ reasonably gave this limitation only some weight because it was unclear whether it pertained to plaintiff's past work, which the ALJ found he could not do, and because it was for a limited period of time. (Tr. 16). Thus, the Commissioner contends that the ALJ adopted limitations that adequately accounted for Dr. Menapace's opinion that plaintiff should avoid overhead or repetitive work with his right shoulder. (Tr. 13, 394). In his RFC finding, the ALJ noted that plaintiff could not perform repetitive pushing or pulling, and could only occasionally grasp and grip with his right upper extremity, and could not perform overhead work. (Tr. 13). Thus, the Commissioner maintains that the ALJ reasonably gave only some weight to Dr. Menapace's opinions that effectively placed plaintiff off work until August 2011. (Tr. 16, 443). In addition, the ALJ noted that the opinions only restricted plaintiff for a set period, which fell short of twelve months. (Tr. 16).

Plaintiff also contends, based on Dr. Menendes' report, that he was incapable of jobs requiring any interaction with others or exposure to stress. In evaluating an opinion from a non-treating medical source, the ALJ considers the supportability and consistency of the opinion, the specialization of the medical source, and any other factors raised by the claimant or others. 20 C.F.R. § 416.927(d)(3)-(6). Contrary to plaintiff's argument, the Commissioner contends that the ALJ reasonably gave only some weight to Dr. Menendes' opinion. (Tr.

17). As the Commissioner points out, the ALJ credited Dr. Menendes' opinion to an extent, as evidenced by the fact that he limited plaintiff to simple, routine, and repetitive tasks and only simple work-related decisions with few, if any, workplace changes. (Tr. 13). In comparison, Dr. Menendes opined that plaintiff could understand, retain, and follow one- and two-step tasks; was able to perform and remember simple, routine, and repetitive tangible tasks; and should not be expected to be able to cope with stress or difficult situations. (Tr. 349). The ALJ declined to include all of the limitations mentioned by Dr. Menendes, such as difficulties in social interaction. (Tr. 349). The Commissioner argues that the ALJ's finding that the opinion was only entitled to limited weight was reasonable, given that broad limitations on plaintiff's functioning conflicted with the fact that plaintiff was never even prescribed medications for his mental condition. (Tr. 17). Indeed, Plaintiff never received any form of mental health treatment, which is at odds with the notion that plaintiff had difficulty interacting with others and could not tolerate stress. Thus, substantial evidence supports the ALJ's consideration of Dr. Menendes' opinion.

    Next, the Commissioner asks the Court to reject plaintiff's argument that the ALJ erred in finding that he could lift twenty pounds occasionally and ten pounds frequently because there was no evidence other than Dr. Digby's opinion that he could do so. While plaintiff notes that Dr. Digby did not examine him, the

Commissioner contends that plaintiff's argument fails because he does not explain how the ALJ erred in relying on Dr. Digby's opinion. Other than the right arm limitations from Dr. Menapace, which the ALJ accounted for, the Commissioner says that there is no medical evidence conflicting with Dr. Digby's opinion. Rather, as noted by the ALJ, it was supported by the objective medical evidence, which often revealed few, or no, abnormalities. (Tr. 15-16). Thus, the Commissioner maintains that plaintiff fails to demonstrate any error.

As to plaintiff's argument that the ALJ failed to properly consider his subjective complaints, the Commissioner asserts that plaintiff never alleges any error in the ALJ's credibility determination. According to the Commissioner, plaintiff's argument in this regard is undeveloped, and should be deemed waived. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (holding that issues adverted to in a perfunctory manner with no effort to develop them are deemed waived). Regardless, the Commissioner argues that substantial evidence supports the ALJ's finding that plaintiff was only partially credible. As found by the ALJ, plaintiff's treatment was routine and conservative; he had extremely limited treatment for his alleged mental condition; and plaintiff's claims of debilitating symptoms were at odds with the medical evidence (Tr. 16).

To the extent that plaintiff is arguing that there were other conflicts between the vocational expert testimony and the DOT, the Commissioner contends that he

has failed to identify reversible error. Social Security Ruling (SSR) 00-4p states that an ALJ must ask whether a VE's testimony conflicts with the DOT and may not rely on such testimony when there is an apparent unresolved conflict between the DOT and the VE's testimony. Before questioning the VE, the ALJ stated that he would assume that the VE's testimony would be consistent with the DOT, unless the VE told him otherwise. (Tr. 74). The VE agreed to this arrangement and plaintiff did not bring any conflict to the ALJ's attention. (Tr. 74). The ALJ had no reason to believe that there was any conflict between the VE's testimony and the DOT and he was entitled to rely on the VE's uncontested testimony. The Commissioner points out that it is well-settled that an ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by Social Security Ruling 00-4p. *Beinlich v. Comm'r of Soc. Sec.*, 345 Fed.Appx. 163, 168 (6th Cir. 2009) (citation omitted); *Martin v. Comm'r of Soc. Sec.*, 170 Fed.Appx. 369, 374 (6th Cir. 2006). Rather, the obligation to investigate an inconsistency falls to plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. *Beinlich*, 345 Fed.Appx. at 168. Plaintiff was represented by counsel at the hearing, but his counsel did not question the VE regarding any inconsistencies between the VE's testimony and the DOT. Thus, the Commissioner contends that plaintiff's argument is unavailing.

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

    The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

  B. <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the

claim that the ALJ erred by not adopting a hypothetical posed to the vocational expert, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). Plaintiff's arguments regarding the assessment of his credibility and any inconsistency or error in the VE's testimony regarding the DOT are so woefully underdeveloped that they need not be considered any further.

In addition, the undersigned agrees with the Commissioner that the ALJ's decision is supported by substantial evidence. The ALJ gave appropriate weight to the opinions offered by Dr. Menapace, who only indicated that plaintiff could not work through August 2011, which was less than the required 12 months. Next, the ALJ gave reasonable weight to the opinions of Dr. Menendes, who was not a treating physician, given the lack of any treatment in the record for plaintiff's mental impairments. And, despite finding that plaintiff did not have a severe mental impairment, the ALJ still credited his testimony to a great extent and

included several restrictions based on plaintiff's claimed mental impairments in the RFC. The undersigned also agrees that plaintiff failed to explain why the ALJ erred in relying on Dr. Digby's opinion. Plaintiff points to nothing in the record that directly contradicts these opinions and the undersigned finds no error by the ALJ in relying on Dr. Digby's opinion.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 19, 2013           s/Michael Hluchaniuk
                                  Michael Hluchaniuk
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Derri T. Thomas, AUSA, and the Commissioner of Social Security.

                                  s/Darlene Chubb
                                  Judicial Assistant
                                  (810) 341-7850
                                  darlene_chubb@mied.uscourts.gov